**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Phillip Benjamin PERKINS and John
Henry Mays, Defendants-
Appellants.**

No. 28023

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1970.

Paul W. Anderson, Marshall, Tex., for defendant-appellant Mays.

Phillip Benjamin Perkins, pro se.

Brooks Hardee, U. S. Atty., Wm. Louis White, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This direct appeal from judgment of conviction on charges of using the mails to defraud is in an unusual posture.

Appellant Perkins was represented in the District Court by appointive counsel. He appears in this court pro se.[1] There are implications in his briefs of indigency, but he has not filed an affidavit of indigency or asked for appointment of counsel, nor has he filed a waiver of counsel. The apparent reason for this situation is that Perkins says he has been indicted in the District Court on a charge of making false statements of indigency in that court to secure appointive counsel.

In addition Perkins says that an attorney, who has not filed an appearance for him on appeal, has been retained for him by his family, and paid by his family, but declines to serve and seeks to withdraw. The docket of the District Court directed that a copy of the notice of appeal be mailed to this attorney "who [has] been preparing and mailing instruments for Deft., Perkins, since date of Judgment."

Perkins' briefs assert multiple additional issues, some of which go to the

1. In its present posture this case is not ripe for oral argument. We have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing.

merits but are not presented by the record before us, and others which would come up in a § 2255 proceeding, and he asks § 2255 relief. He says that he was arrested without a warrant and under circumstances (which we need not set out here) that raise questions of the "silver platter" doctrine and related principles. He asserts that he was denied counsel in separate interrogations by both state and federal officers and denied use of the telephone.

He claims that the original indictment in his case was quashed, that he never received a copy of the new indictment and appeared at arraignment only because he learned from his codefendant, who had retained counsel, that he was supposed to be in court, that he sought delay to complete arrangements then in progress to obtain retained counsel, and that the trial judge denied a delay and on his own motion appointed an attorney, and that subsequently at the behest of the attorney he signed a paper that would enable the attorney to be paid.

The docket of the District Court reveals that at arraignment on April 21, 1969 counsel was appointed for Perkins "and Copy of Order (CJA Form 2) given to counsel, defendant, and copy mailed to AO." The docket entries show that a jury was selected the same day, that trial began at 9:30 a. m. on April 23, with a verdict of guilty that afternoon, and that sentence was imposed on April 23 (at which time the District Judge directed the United States Attorney to inquire into whether Perkins had made false statements in regard to ability to hire an attorney). The time sequence of arraignment, appointment of counsel, and selection of the jury on the same day at least raises a question of effectiveness of counsel.

The Gordian knot must be cut. We direct *sua sponte* that counsel be appointed for Perkins by this court.[2] We temporarily remand the case to the District Court with direction that counsel file in that court pleadings that set out with specificity all issues which Perkins asserts, and that the District Court conduct an evidentiary hearing thereon and make findings of fact and enter conclusions of law and certify the record thereof to this court, for consideration along with the record presently before us.

Remanded for proceedings consistent with this opinion.

---

2. As far as we know at this time that counsel must serve without compensation. If ultimately it should be determined that appellant is indigent he can then seek compensation under the Criminal Justice Act.